NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL CAMARAO,<br><br>            Plaintiff,<br><br>      v.<br><br>STATE OF NEW JERSEY, *et al.*,<br><br>            Defendants. | Civil Action No. 25-11980 (GC) (JTQ)<br><br>**MEMORANDUM ORDER** |

**CASTNER, District Judge**

**THIS MATTER** comes before the Court upon the Complaint and Application to Proceed *In Forma Pauperis* (IFP) filed by Plaintiff Paul Camarao. (ECF Nos. 1 & 21.) For the reasons set forth below, and other good cause shown, Plaintiff's Complaint is **DISMISSED** in part. The Court further orders, *sua sponte*, that the case be transferred to the United States District Court for the Southern District of Florida[1] pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a).

**I.   BACKGROUND**

On June 13, 2025, Plaintiff filed a Complaint and a request to proceed IFP in the Central District of California. (ECF Nos. 1 & 4.) The Complaint alleges violations of Plaintiff's constitutional rights by the State of Florida, the Federal Government, the State of New Jersey, and numerous entities located in Florida.[2] (*See generally* ECF No. 1.)

---

[1]     Plaintiff resides and several Defendants are located within the Southern District of Florida. (ECF No. 1.)

[2]     Based upon a review of the Complaint, it appears the only Defendants in or connected to New Jersey include the following: (1) State of New Jersey; (2) Larissa Valentina Amorin Zanato; (3) Maria Das Gracas Amorim; and (4) Helmer, Connley & Kassleman, PA (New Jersey Defendants). (*See* ECF No. No 1 at 5, 7, 11, 14.) To the extent any other Defendants could be

1

According to the Complaint, Plaintiff initially brought his claims in the United States District Court for the Western District of Texas, but Plaintiff's suit was subsequently dismissed for improper venue. (*See id.* at 2.[3]) Plaintiff then filed the instant Complaint in the Central District of California, which transferred the case to this District under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1406(a) because Plaintiff did "not allege that a substantial part of the events or omissions giving rise to [the] claims occurred in the Central District of California." (ECF No. 15 at 2.) The court also determined that transfer to this District was proper and in the interest of justice. (*Id.* at 3.)

Following the transfer to this District, Plaintiff filed motions seeking emergency injunctive relief, the appointment of pro bono counsel, and the issuance of subpoenas. (ECF Nos. 22, 23, 25, 26.) As for Plaintiff's request for emergency injunctive relief, he filed a letter indicating that "[s]hould a hearing be granted[,] [Plaintiff] will be submitting a motion requesting to appear via teleconference since [he] is not able to appear in person." (ECF No. 24 at 2.)

## II. LEGAL STANDARD

### A. *In Forma Pauperis*

To avoid paying the filing fee for a civil case in this district, a litigant may apply to proceed IFP. In considering applications to proceed IFP, the Court engages in a two-step analysis. *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990).

First, the Court determines whether the plaintiff is eligible to proceed under 28 U.S.C. § 1915(a). *Id.* Under Section 1915(a), a plaintiff's application must "state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Simon v. Mercer Cnty.*

---

connected to New Jersey, the Complaint fails to sufficiently plead facts for the Court to make such a determination.

[3] Page numbers for record cites (*i.e.*, "ECF Nos.") refer to the page numbers stamped by the Court's e-filing system and not the internal pagination of the parties.

2

*Comm. College*, Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb 9, 2011) (citing *United States ex rel. Roberts v. Pennsylvania*, 312 F. Supp. 1, 2 (E.D. Pa. 1969)).

Second, the Court determines whether the Complaint should be dismissed as frivolous or for failure to state a claim upon which relief may be granted, as required by 28 U.S.C. § 1915(e). *Ball v. Famiglio,* 726 F.3d 448, 452 (3d Cir. 2013); *Green v. Izod Corp. Office & Head-Quarters*, Civ. No. 22-06380, 2024 WL 1809859, at *2 (D.N.J. Apr. 25, 2024) (citing *Deutsch v. United States*, 67 F.3d 1080, 1084 (3d Cir. 1995)) ("To guard against potential 'abuse' of 'cost-free access to the federal courts,' 28 U.S.C. § 1915(e) empowers district courts to dismiss an IFP complaint if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards."). "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure [('Rule')] 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012).

"[A] court may dismiss an in forma pauperis claim as frivolous if, after considering the contending equities, the court determines that the claim is: (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial." *Deutsch*, 67 F.3d at 1082.

### B.  Rule 12(b)(6) – Failure to State a Claim

Although courts construe pro se pleadings less stringently than formal pleadings drafted by attorneys, pro se litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (citation omitted). "[A] pleading

that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### C. Rule 8 – Pleading Requirements

Rule 8 sets forth general rules of pleading and requires (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(1), (a)(2), (d). The allegations in the complaint must not be "so undeveloped that [they do] not provide a defendant the type of notice of claim which is contemplated by Rule 8." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). Even pro se litigants must "comply with the basic pleading requirements of Rule 8(a)." *Purisma v. City of Philadelphia*, 738 F. App'x 106, 107 (3d Cir. 2018).

## III. DISCUSSION

### A. Application to Proceed *In Forma Pauperis*

The Court exercises its discretion to review the merits of Plaintiff's complaint before it decides the IFP application. *See Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) ("[A] court has the authority to dismiss a case 'at any time,' 28 U.S.C. § 1915(e)(2), regardless of the status of a filing fee; that is, a court has the discretion to consider the merits of a case and evaluate an IFP application in either order or even simultaneously."); *see also Schwager v. Norristown State Hosp.*, Civ. No. 23-3866, 2023 WL 8458236, at *2 (E.D. Pa. Dec. 5, 2023) (screening the complaint before addressing the IFP application).

### B. Review under 28 U.S.C. § 1915(e)

Beginning with step two, the Court finds that Plaintiff's Complaint fails to state a claim upon which relief may be granted. The Complaint asserts allegations against twenty-four

4

Defendants—many of which appear to be located in Florida—for violations of Plaintiff's constitutional rights under the Fourteenth Amendment.  (*See generally* ECF No. 1.)  While Plaintiff has not identified the appropriate statutory authority for bringing suit for Fourteenth Amendment violations, the Court will construe the Complaint as asserting claims under 42 U.S.C. § 1983.  *See Smith v. Johnson*, 202 F. App'x 547, 549 (3d Cir. 2006) (noting that courts have an obligation "to liberally construe *pro se* civil rights complaints" (citing *Holley v. Dep't of Veteran Affs.* 165 F.3d 244, 248 (3d Cir. 1999))).

Regarding allegations against the New Jersey Defendants, the Complaint asserts that Plaintiff has "been abused by the State of New Jersey . . . for at least 11 years on paper and through the courts."  (ECF No. 1 at 2.)  Some of the alleged abuse includes discrimination for "being of Brazilian decent with parents that are immigrants[] [and for] being a man by not allowing [Plaintiff] to have rights to [his] children," police filing false reports against Plaintiff, and courts "not allowing [Plaintiff] to have the same rights that are designated to attorneys."  (*Id.* at 2-3.)  While not a model of clarity, it appears that the most recent allegation in the Complaint regarding the New Jersey Defendants relates to a 2021 incident at the Wall Township court.  (*Id.* at 19.)  According to the Complaint, Plaintiff told the prosecutor assigned to his criminal case that Plaintiff's attorney "dropped [him] as a client and that he wanted a public defender."[4]  (*Id.*)  In response, the prosecutor allegedly told Plaintiff that "this is not good" and offered Plaintiff probation.  (*Id.*)  Plaintiff told the prosecutor that he "need[s] a lawyer and [that he] never got [] discovery, the police abused [him], the government is abusing [him], [and that] this is a bad situation."  (*Id.*)  The Complaint further asserts that after Plaintiff told the judge presiding over his

---

[4]   It is unclear to the Court what crime(s) Plaintiff was charged with.

5

case "about not being given a public defender, about being abused and threatened by court staff and the police," the judge "disregarded all of [Plaintiff's] comments and did not care." (*Id.*)

It is well established that "state law provides the statute of limitations applicable to a section 1983 claim." *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010). Moreover, "[a] section 1983 claim is characterized as a personal-injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." *Id.* New Jersey "mandates a two-year statute of limitations period for personal-injury torts." *Id.* (citing N.J. Stat. Ann. § 2A:14-2). Because the most recent allegation in the Complaint related to the New Jersey Defendants is February 2021, the Court finds that Plaintiff's claims against the New Jersey Defendants are time-barred.[5] *See Fogg v. Twp. of Montclair Dep't of Police*, Civ. No. 23-00809, 2024 WL 4024092, at *3 (D.N.J. Aug. 30, 2024) (granting the defendant's motion to dismiss because the plaintiff's § 1983 claim was time-barred).

Therefore, the Court will dismiss Plaintiff's claims against the New Jersey Defendants.

**C. Venue**

Because the claims against the New Jersey Defendants are dismissed and because the remaining Defendants appear to have no connection to New Jersey (*see generally* ECF No. 1 (outlining events that occurred in Florida and New Jersey and defendants located within those two states)), venue in this District is improper. Therefore, because this District is an improper venue

---

[5]   The Court also finds that the statute of limitations should not be equitably tolled because Plaintiff had consulted with attorneys about filing lawsuits against the New Jersey Defendants at least as early as 2019. (*See* ECF No. 1 at 3.)

as to the remaining Defendants, the Court will transfer this matter to the Southern District of Florida.[6]

Pursuant to 28 U.S.C. § 1406(a), "a district court is permitted to either dismiss or transfer a case to another court even if it does not have jurisdiction." *Fuller v. FCI Machester Health Serv.*, Civ. No. 12-7025, 2016 WL 1182255, at *7 (D.N.J. Mar. 28, 2016); *see Lafferty v. St. Riel*, 495 F.3d 72, 77-78 (3d Cir. 2007) (stating that § 1406(a) comes into play when plaintiffs have filed in an improper forum and district courts are required to either dismiss or transfer the case). "In a situation where venue is proper for one defendant but not for others and dismissal is appropriate, a district court has the option to dismiss[] or to sever claims, retaining jurisdiction over some defendants and transferring the case as to the other defendants to an appropriate district." *Fuller*, 2016 WL 1182255, at *8; *Cottman Transmission Systems, Inc. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994).

Here, Plaintiff's claims against the remaining Defendants appear to arise from events taking place outside of New Jersey. (*See generally* ECF No. 1.) Indeed, these allegations involve incidents in Florida against, for example, the State of Florida, the West Palm Beach Florida Federal Courthouse, the West Palm Beach Public Defender's Office, FedEx Ground (*i.e.*, where Plaintiff worked in West Palm Beach), and Seminole State College. (*See id.*; *see also* ECF Nos. 22-25.) Moreover, based on a review of the docket, the Court has determined that Plaintiff is also a resident of Florida. Because it is clear that this case could have been brought in Florida, that a substantial part of the events occurred in Florida, and that Florida would presumably have personal

---

[6]     "[I]f a court finds that venue is improper, it may, *sua sponte*, either dismiss the case, or if in the interest of justice, transfer the case to a proper district, under Section 1406." *Emrit v. Special Agent in Charge of FBI*, Civ. No. 22-06713, 2025 WL 758779, at *2 (D.N.J. Mar. 10, 2025) (citation modified); *see Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006).

jurisdiction over the remaining Defendants, transfer is appropriate in the interest of justice. *See Adams, Nash & Haskell, Inc. v. United States*, Civ. No. 19-03529, 2020 WL 1305620, at *4 (D.N.J. Mar. 19, 2020) ("Transfer generally serves the interests of justice and is thus favored over dismissal."); *Eviner v. Eng*, Civ. No. 12-02245, 2013 WL 6450284, at *5 (D.N.J. Dec. 6, 2013) ("Section 1406(a) was enacted to avoid the 'injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess' as to the facts underlying the choice of venue." (quoting *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962))); *see also Argos Glob. Partner Servs., LLC v. Ciuchini*, 446 F. Supp. 3d 1073, 1089 (S.D. Fla. 2020) (noting that Florida has a strong interest in adjudicating disputes involving its residents and events taking place in Florida).

## IV. CONCLUSION & ORDER

For the reasons set forth above, and other good cause shown,

**IT IS** on this ___8th___ day of July, 2025, **ORDERED** as follows:

1. Plaintiff's claims asserted against the New Jersey Defendants are **DISMISSED** without prejudice.
2. Plaintiff's action is transferred to the United States District Court for the Southern District of Florida.
3. The Clerk's Office is directed to **TERMINATE** the Motions pending at ECF Nos. 22, 23, 25, and 26 and **CLOSE** this case.

GEORGETTE CASTNER
UNITED STATES DISTRICT JUDGE